212 April 1, 2016 No. 23

IN THE OREGON TAX COURT
REGULAR DIVISION

Barbara ELLISON,
*Plaintiff,*

*v.*

CLACKAMAS COUNTY ASSESSOR
and Department of Revenue,
*Defendants.*

(TC 5177)

Following the substantive decision in this matter, Plaintiff (taxpayer) submitted an application for an award of attorney fees and costs. Defendant Department of Revenue (the department) argued that because taxpayer did not prevail on her claim for relief, the statutory basis for an award of fees and costs did not exist. The department offered no authority for its position. Granting taxpayer's application, the court ruled that although a weakness in taxpayer's appraisal was a basis for the court not finding for taxpayer on her claim, the evidence of taxpayer's appraiser and his experience with the precise type of property in question was of material benefit to the court and was a basis for rejecting the positions and counterclaim of the county and the department in its entirety. In that capacity, pursuant to the statute, the court had found "in favor of the taxpayer" with a result that an award of attorney fees and costs was appropriate.

Submitted on Plaintiff's Statement for Attorney Fees and Costs for Plaintiff.

Jack L. Orchard, Jr., Ball Janik LLP, Portland, filed the statement for Plaintiff (taxpayer).

Daniel Paul, Assistant Attorney General, Department of Justice, Salem, filed the response for Defendant Department of Revenue (the department).

Decision for Plaintiff rendered April 1, 2016.

**HENRY C. BREITHAUPT, Judge.**

This matter is before the court on the application by Plaintiff (taxpayer) for an award of fees and costs in connection with the proceedings in the Regular Division in this matter.

The basis of taxpayer's application is ORS 305.490 and ORS 305.790.[1] Defendant Department of Revenue (the

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

department) asserts that in this case no award is allowed under the statutes. The department acknowledges that taxpayer successfully defended against the counterclaim of Defendant Clackamas County Assessor (the county) and the department. However, because taxpayer did not prevail on its claim for relief, the department argues that the statutory basis for an award of fees and costs does not exist.

The department offers no authority for its position. Not even so much as an analysis of the text, context and legislative history of the statutory provisions is given. The statute contains no basis for the position of the department, as it permits an award of fees in a property tax matter where the "court finds in favor of the taxpayer." Here, on the claims of the department and county, the court did find in favor of taxpayer. Those claims were stated as counterclaims, but even if they had been only assertions by the department and county of correct value, the outcome of the case would justify an award of fees and costs—for the simple reason that in rejecting the arguments of Defendants, the court would have found "in favor of the taxpayer."

The position of the department as to the construction of ORS 305.490 ignores the fact that the legislature provided, in ORS 305.412, that the court has jurisdiction to determine correct value. That context is one showing that the legislature must have understood that important value disputes could well be based on appraisal positions taken by the department, whether or not stated as counterclaims. Once taken by the department, the costs of defense are as much within the scope of ORS 305.419 as those incurred in defending against what may be stated to be a counterclaim.

In this case exception value was at issue. The outcome of the case would burden or benefit a party for a significant period of time, if not perpetually. The stakes were high and the county and department made them extremely high by arguing for a value approximately twice the amount of the conclusion of the county board of property tax appeals (BOPTA). The court accepts the argument of taxpayer that an appeal of the decision in the Magistrate Division was necessary to protect against what appeared to be, and turned out to be, a persistent position of the county that

the property had been grossly undervalued by BOPTA. The court also finds that, but for the massive counterclaim by Defendants, it is much more likely than not that a settlement on a value between taxpayer's position and the BOPTA finding would have been achieved. Whether a settlement somewhere above taxpayer's position was possible cannot be determined. However, the persistence of Defendants in arguing for a value over twice that of BOPTA suggests that settlement would not have been possible.

The theory of the county and department was that this property was "especial property." The court is of the opinion that the department rule in this regard, to the extent it departs from the constitutional definition of real market value, is invalid. The department asserted at trial and in its closing brief that the rule does not depart from the constitutional test.

The law in Oregon is that value is to be value in exchange, not value in use or value to a particular taxpayer. The position of the county departed completely from this fundamental starting point. Attempting to use the notion of especial property, which the appraiser for the county could not explain or justify, that appraiser essentially argued that the value of the property must be equal to the amount taxpayer spent to build it. This position was rejected in the opinion issued by this court.

The court finds that the position of the county and department in this matter was objectively unreasonable. Further, the persistence with which the position was advanced left taxpayer with no alternative but to expend significant amounts to defend against the position taken by Defendants in the case. Persistence may not be bad faith or malicious, but it is willful.

An award of fees and expenses in this matter is needed to deter the type of claims made by Defendants and then so inadequately supported.

The department also challenges the amount of fees and costs claimed by taxpayer. The court accepts the amounts claimed, noting that a reduction in total attorney fees was made to apportion between taxpayer's claim and

the defense against the counterclaims. Further, the court accepts the application for fees of taxpayer's appraiser. Although a weakness in that appraisal was a basis for the court not finding for taxpayer on her claim, the evidence of the appraiser and his experience with the precise type of property in question was of material benefit to the court and was a basis for rejecting the position of the department in its entirety.

The application is granted in its entirety. Counsel for taxpayer is directed to submit an appropriate form of supplemental judgment. Now, therefore,

IT IS ORDERED that Plaintiff's application for attorney fees and costs is granted.